# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

—————————————————————————————————— Filed: _____

BRAULIO E. RODRIGUEZ and FERNANDO HERNANDEZ,
                    Plaintiffs,

       -against-

3 RIVERS EXPEDITED INC and ROBERT ANTHONY
SMALLWOOD,

                    Defendants.

——————————————————————————————————

INDEX NO.

Plaintiffs designate New
York County as the place of
trial.

**S U M M O N S**

The basis of venue is
Plaintiffs' residence:
2204 Amsterdam Avenue.
Apt 2D
New York, New York

**To the above named Defendants:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer on the plaintiffs' attorneys within 20 days after the service of this

summons, exclusive of the day of service of this summons, or within 30 days after service of this

summons is complete if this summons is not personally delivered to you within the State of New

York.

    In case of your failure to answer this summons, a judgment by default will be taken

against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Fresh Meadows, New York
       February 17, 2021

                  **NIYAZOV LAW GROUP, P.C.**
                  Attorneys for Plaintiffs
                  159-16 Union Tpke., Suite 300
                  Fresh Meadows, New York 11366
                  (212) 962-4600

3 RIVERS EXPEDITED INC
2002 South Cherry
Stuttgart, AR 72160

ROBERT ANTHONY SMALLWOOD
2288 Gunbarrel Rd. Apt 154-337
Chattanooga, TN 37363

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

BRAULIO E. RODRIGUEZ and FERNANDO HERNANDEZ,
Plaintiffs,

-against-

3 RIVERS EXPEDITED INC and ROBERT ANTHONY
SMALLWOOD,
Defendants.

---

INDEX NO.

**VERIFIED COMPLAINT**

Plaintiffs, by their attorneys, NIYAZOV LAW GROUP, P.C., as and for their Verified

Complaint, respectfully allege, upon information and belief:

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

1. The plaintiff, BRAULIO E. RODRIGUEZ, at all times herein mentioned was and still

is a resident of the County of New York and the State of New York.

2. The defendant 3 RIVERS EXPEDITED INC, at all times herein mentioned, was and

still is a corporation organized and existing under the laws of the State of Arkansas, with its

principal place of business situated in the County of Arkansas and the State of Arkansas.

3. The defendant 3 RIVERS EXPEDITED INC, at all times herein mentioned was and

still is a foreign corporation duly licensed and authorized to do business in the State of New

York.

4. The defendant, 3 RIVERS EXPEDITED INC, at all times herein mentioned conducted

and carried on business in the County of Bronx and the State of New York.

5. The defendant, 3 RIVERS EXPEDITED INC, at all times herein mentioned was and

still is a partnership doing business in the County of Bronx and the State of New York.

6. The defendant, 3 RIVERS EXPEDITED INC, at all times herein mentioned was and

still is a limited liability partnership doing business in the County of Bronx and the State of New

Case 1:21-cv-05843-RA    Document 1-1    Filed 07/07/21    Page 4 of 35

York.

7. The defendant, 3 RIVERS EXPEDITED INC, at all times herein mentioned was and still is a limited liability corporation doing business in the County of Bronx and the State of New York.

8. The defendant, 3 RIVERS EXPEDITED INC, at all times herein mentioned was and still is a sole proprietorship doing business in the County of Bronx and the State of New York.

9. At all times herein mentioned, defendant 3 RIVERS EXPEDITED INC transacted business within the State of New York.

10. At all times herein mentioned, defendant 3 RIVERS EXPEDITED INC derived substantial revenue from goods used or consumed or services rendered in the State of New York.

11. At all times herein mentioned, defendant 3 RIVERS EXPEDITED INC expected or should reasonably have expected its acts to have consequences in the State of New York.

12. At all times herein mentioned, defendant 3 RIVERS EXPEDITED INC derived substantial revenue from interstate or international commerce.

13. The defendant, ROBERT ANTHONY SMALLWOOD, at all times herein mentioned was and still is a resident of the County of Hamilton and the State of Tennessee.

14. On or about September 16, 2020, plaintiff BRAULIO E. RODRIGUEZ owned a certain motor vehicle, bearing license plate number T500427C.

15. On or about September 16, 2020, plaintiff BRAULIO E. RODRIGUEZ was the operator of a certain motor vehicle, bearing license plate number T500427C.

16. On or about September 16, 2020, defendant 3 RIVERS EXPEDITED INC was the registered owner of a certain motor vehicle, bearing license plate number K789433.

17. On or about September 16, 2020, defendant 3 RIVERS EXPEDITED INC was the titled owner of a certain motor vehicle, bearing license plate number K789433.

18. On or about September 16, 2020, defendant 3 RIVERS EXPEDITED INC was the

lessee of a certain motor vehicle, bearing license plate number K789433.

19. On or about September 16, 2020, defendant 3 RIVERS EXPEDITED INC was the lessor of a certain motor vehicle, bearing license plate number K789433.

20. On or about September 16, 2020, defendant 3 RIVERS EXPEDITED INC maintained a certain motor vehicle, bearing license plate number K789433.

21. On or about September 16, 2020, defendant 3 RIVERS EXPEDITED INC controlled a certain motor vehicle, bearing license plate number K789433.

22. On or about September 16, 2020, defendant ROBERT ANTHONY SMALLWOOD was the operator of a certain motor vehicle, bearing license plate number K789433.

23. On or about September 16, 2020, the motor vehicle bearing license plate number K789433 was being operated by defendant ROBERT ANTHONY SMALLWOOD with the express or implied knowledge, consent and/or permission of its owner.

24. On or about September 16, 2020, the vehicle operated by the defendant ROBERT ANTHONY SMALLWOOD came in contact with the vehicle operated by the plaintiff BRAULIO E. RODRIGUEZ, at or near Mayor Deegan Expressway, Bronx, NY.

25. The plaintiff BRAULIO E. RODRIGUEZ was injured.

26. The plaintiff BRAULIO E. RODRIGUEZ was seriously injured.

27. The plaintiff BRAULIO E. RODRIGUEZ was permanently injured.

28. The aforesaid occurrence and resulting injuries to the plaintiff BRAULIO E. RODRIGUEZ was caused solely as a result of the defendants' negligence, carelessness and recklessness in the ownership, leasing, operation, maintenance, and control of the defendants' motor vehicle.

29. As a result of the foregoing, the plaintiff sustained serious personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State

of New York.

30. Due to defendants' negligence, plaintiff BRAULIO E. RODRIGUEZ is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>

31. The plaintiff, FERNANDO HERNANDEZ, at all times herein mentioned was and still is a resident of the County of Queens and the State of New York.

32. Plaintiff FERNANDO HERNANDEZ repeats and realleges each and every allegation contained in paragraphs numbered "1" through "23" of the Complaint as if fully set forth at length herein.

33. On or about September 16, 2020, the vehicle operated by the defendant ROBERT ANTHONY SMALLWOOD came in contact with the vehicle in which the plaintiff FERNANDO HERNANDEZ was a passenger, at or near Mayor Deegan Expressway, Bronx, NY.

34.     The plaintiff FERNANDO HERNANDEZ was injured.

35.     The plaintiff FERNANDO HERNANDEZ was seriously injured.

36.     The plaintiff FERNANDO HERNANDEZ was permanently injured.

37.     The aforesaid occurrence and resulting injuries to the plaintiff FERNANDO HERNANDEZ was caused solely as a result of the defendants' negligence, carelessness and recklessness in the ownership, leasing, operation, maintenance, and control of the defendants' motor vehicle.

38. As a result of the foregoing, the plaintiff sustained serious personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

39. Due to defendants' negligence, plaintiff FERNANDO HERNANDEZ is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiffs demand:

a. judgment awarding damages on the first cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

b. judgment awarding damages on the second cause of action, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

c. interest, the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.

Dated: Fresh Meadows, New York
      February 17, 2021

**By: Ariel Niyazov, Esq.**
**NIYAZOV LAW GROUP, P.C.**
Attorneys for Plaintiffs
159-16 Union Tpke., Suite 300
Fresh Meadows, New York   11366
(212) 962-4600

INDIVIDUAL VERIFICATION

STATE OF _New York_ )
                      ) SS:
COUNTY OF _Queens_ )

_____Fernando Hernandez_____, being duly sworn,

deposes and says, that deponent is the above named claimant; that deponent has read the

foregoing **VERIFIED COMPLAINT** and know its contents; the same is true to

deponent's knowledge, except as to those matters stated to be alleged upon information and

belief, and as to those matters deponent believes it to be true.

X _Fernando Hernandez_

2/17/2021

_____
NOTARY PUBLIC

MILANA SHIMUNOV
Notary Public, State of New York
No.01SH6260340
Qualified in Queens County
Commission Expires April 30, 20_24_

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

_____

BRAULIO E. RODRIGUEZ and FERNANDO HERNANDEZ,
                              Plaintiffs,

              -against-

3 RIVERS EXPEDITED INC and ROBERT ANTHONY
SMALLWOOD,
                              Defendants.

_____

INDEX NO.

**ATTORNEY'S
VERIFICATION**

Ariel Niyazov, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

I am the principal of the firm of NIYAZOV LAW GROUP, P.C., the attorneys of record for the plaintiffs.

I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

This verification is made by affirmant and not by plaintiff BRAULIO E. RODRIGUEZ because he is not in the County of Queens, which is the County where your affirmant maintains offices.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiffs, information contained in the said plaintiffs' file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: Fresh Meadows, New York
        February 17, 2021

                              _____
                              ARIEL NIYAZOV, ESQ.

Case 1:21-cv-05843-RA   Document 1-1   Filed 07/07/21   Page 10 of 35

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                         Index No.
======================================================================

BRAULIO E. RODRIGUEZ and FERNANDO HERNANDEZ,

                         Plaintiffs,

                         -against-

3 RIVERS EXPEDITED INC and ROBERT ANTHONY SMALLWOOD,

                         Defendants.
======================================================================

### SUMMONS and VERIFIED COMPLAINT

======================================================================

**NIYAZOV LAW GROUP, P.C.**
*Attorneys for* Plaintiffs
*Office and Post Office Address and Telephone*
159-16 Union Tpke., Suite 300
Fresh Meadows, New York 11366
(212) 962-4600
======================================================================

The documents herein are hereby certified pursuant to 25 NYCRR 130-1.1-a


By:

_____
Ariel Niyazov, Esq.

P4351797

AFFIDAVIT OF SERVICE

NIYAZOV LAW GROUP, P.C - FRESH MEADOWS OFFICE    MILANA SHIMUNOV
SUPREME COURT NEW YORK COUNTY STATE OF NEW YORK

BRAULIO E. RODRIGUEZ, ETANO

- vs -

3 RIVERS EXPEDITED INC, ETANO

PLAINTIFF

DEFENDANT

index No. 151689/2021
Date Filed
File No.
Court Date:
AFFIDAVIT OF SERVICE

STATE OF _Arkansas_ , COUNTY OF _Arkansas_ :SS:

_Larry D Plunkett_ , being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and resides in the State of _Arkansas_.

On _3-18-21_ at _1117 Am_ .

at **2002 SOUTH CHERRY STREET STUTTGART, AR 72160**

deponent served the within **NOTICE OF ELECTRONIC FILING, SUMMONS AND VERIFIED COMPLAINT** on: **3 RIVERS EXPEDITED INC**, the **DEFENDANT** therein named.

#1 INDIVIDUAL — By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

#2 CORPORATION — By delivering a true copy of each to _Jamie Watkins Agent authorized to_ personally, _accept service_.

deponent knew the person so served to be the _____ of the corporation, and authorized to accept service on behalf of the corporation.

#3 SUITABLE AGE PERSON — By delivering a true copy of each to _____ a person of suitable age and discretion.
Said premises is **DEFENDANT**'s: [ ] actual place of business  [ ] dwelling house (usual place of abode) within the state.

#4 AFFIXING TO DOOR — By affixing a true copy of each to the door of said premises, which is **DEFENDANT**'s:[ ] actual place of business  [ ] dwelling house (usual place of abode) within the state.

Deponent was unable, with due diligence to find **DEFENDANT** or a person of suitable age and discretion, having called thereat

on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
Address confirmed by

#5 MAIL COPY — On ~~_____ I deposited in the United States mail a true~~ copy of the aforementioned documents properly enclosed and sealed in a post-paid wrapper addressed to the above address. Copy mailed 1st class mail marked personal and confidential not indicating on the outside thereof by return address or otherwise that said notice is from an attorney or concerns an action against the person to be served.

#6 DESCRIPTION (USE WITH #1, 2 OR 3) — Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows.
Sex: F   Color: White   Hair: brown
Age: 36   Height: 5 foot 5   Weight: 130
OTHER IDENTIFYING FEATURES: _____

#7 WITNESS FEES — The authorized witness fee and / or traveling expenses were paid (tendered) to the **DEFENDANT** in the amount of $_____

#8 MILITARY SRVC — Deponent asked person spoken to whether the **DEFENDANT** was presently in military service of the United States Government or of the State of _____ and was informed that **DEFENDANT** was not.

#9 OTHER _Jamie Watkins PgA_

NOTARY NAME & DATE   3-22-2021   _Larry Plunkett_

KIMBERLY CHAUDDIN
OFFICIAL SEAL - NOTARY PUBLIC
SALINE COUNTY, ARKANSAS
COMMISSION # 12703204
MY COMMISSION EXPIRES 1-26-2028

PM Legal, LLC
75 MAIDEN LANE 11TH FLOOR
NEW YORK, NY 10038
Reference No: 3-NIYLG2-4351797

1 of 1



P4367025

**NIYAZOV LAW GROUP, P.C - FRESH MEADOWS OFFICE MILANA SHIMUNOV**
SUPREME COURT NEW YORK COUNTY STATE OF NEW YORK

BRAULIO E. RODRIGUEZ, ETANO

                                              PLAINTIFF

                        - vs -

3 RIVERS EXPEDITED INC, ETANO

                                              DEFENDANT

index No. **151689/2021**
Date Filed
Office No.
Court Date.

STATE OF NEW YORK, COUNTY OF NEW YORK        :SS:

**NAILYNN DE LA CRUZ** being duly sworn, deposes and says; I am over 18 years of age, not a party
to this action, and reside in the State of New York.
That on **30th day of March, 2021** at a regular postal depository maintained by the United States
at Peck Slip Station, New York, New York, Deponent mailed the copy of

**NOTICE OF ELECTRONIC FILING, SUMMONS AND VERIFIED COMPLAINT**

**to ROBERT ANTHONY SMALLWOOD**
**the DEFENDANT at**
**8131 OLD CLEVELAND PIKE 37363**
**OOLTEWAH, TN 37363**

Copy mailed by first class mail marked PERSONAL & CONFIDENTIAL not indicating on the outside
thereof, by return address or otherwise that said notice is from an attorney or concerns an
action against the person to be served.

**COMMENTS:**

Sworn to before me this
30TH day of MARCH, 2021


TIFFANY THOMPSON
Notary Public, State of New York
NO. 01TH6368449
Qualified in KINGS COUNTY
Commission Expires 12/11/2021

NAILYNN DE LA CRUZ
PM Legal, LLC
75 MAIDEN LANE 11TH FLOOR
NEW YORK, NY 10038
Reference No: 3-NIYLG2-4367025

AFFIDAVIT OF SERVICE

NIYAZOV LAW GROUP, P.C - FRESH MEADOWS OFFICE    MILANA SHIMUNOV
SUPREME COURT NEW YORK COUNTY STATE OF NEW YORK
BRAULIO E. RODRIGUEZ, ETANO

                                                    PLAINTIFF

                        - vs -

3 RIVERS EXPEDITED INC, ETANO

                                                    DEFENDANT

Index No. 151689/2021
Date Filed
File No.
Court Date:
**AFFIDAVIT OF SERVICE**

STATE OF _Tennessee_ , COUNTY OF _Hamilton_ :SS:

_Luke Brennan_ , being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and resides in the State of _Tennessee_

On _03/12/2021_ at _3:53pm_ ,

at 8131 OLD CLEVELAND PIKE 37363  OOLTEWAH, TN 37363

deponent served the within **NOTICE OF ELECTRONIC FILING, SUMMONS AND VERIFIED COMPLAINT** on: **ROBERT ANTHONY SMALLWOOD**, the **DEFENDANT** therein named.

____#1 INDIVIDUAL    By delivering a true copy of each to said recipient personally; deponent knew the
____#2 CORPORATION    person served to be the person described as said person therein.
                     By delivering a true copy of each to
                     personally,

✓ #3 SUITABLE        deponent knew the person so served to be the _____
  AGE PERSON         of the corporation, and authorized to accept service on behalf of the corporation.
                     By delivering a true copy of each to _Kathy Clark_ _____ a person
                     of suitable age and discretion.
                     Said premises is **DEFENDANT**'s: [ ] actual place of business [X] dwelling house (usual
____#4 AFFIXING      place of abode) within the state.
  TO DOOR            By affixing a true copy of each to the door of said premises, which is **DEFENDANT**'s:[
                     ] actual place of business  [ ] dwelling house (usual place of abode) within the
                     state.

                     Deponent was unable, with due diligence to find **DEFENDANT** or a person of suitable age
                     and discretion, having called thereat
                     on the _____    day of _____    at _____
                     on the _____    day of _____    at _____
                     on the _____    day of _____    at _____
                     on the _____    day of _____    at _____
                     Address confirmed by

____#5 MAIL COPY     On _____ I deposited in the United States mail a true copy of the
                     aforementioned documents properly enclosed and sealed in a post-paid wrapper
                     addressed to the above address. Copy mailed 1st class mail marked personal and
                     confidential not indicating on the outside thereof by return address or otherwise
                     that said notice is from an attorney or concerns an action against the person to be
                     served.

✓ #6 DESCRIPTION     Deponent describes the person served as aforesaid to the best of deponent's
(USE WITH #1, 2 OR 3) ability at the time and circumstances of the service as follows.
                     Sex: _F_    Color: _Black/Gray_    Hair: _Gray_
                     Age: _60_    Height: _3  6_    Weight: _160_
                     OTHER IDENTIFYING FEATURES:

____#7 WITNESS FEES  The authorized witness fee and / or traveling expenses were paid (tendered) to the
                     **DEFENDANT** in the
                     amount of $

____#8 MILITARY SRVC Deponent asked person spoken to whether the **DEFENDANT** was presently in military
                     service of the United States Government or of the State of _____ and was
                     informed that **DEFENDANT** was not.

____#9 OTHER

_signature_  3/29/2021                          _Luke Brennan / Luke Brennan_
NOTARY NAME & DATE

                    [NOTARY SEAL: JOSEPH JACKSON, STATE OF TENNESSEE NOTARY PUBLIC, KNOX COUNTY]

                                                PM Legal, LLC
                                                75 MAIDEN LANE 11TH FLOOR
                                                NEW YORK, NY 10038
                                                Reference No: 3-NIYLG2-4367025

My Commission Expires August 1, 2021

STATE OF NEW YORK SUPREME COURT
COUNTY OF NEW YORK

------------------------------------------------------------------X

BRAULIO E. RODRIGUEZ and FERNANDO                    Index No. 151689/2021
HERNANDEZ,

                                        Plaintiffs,          **VERIFIED ANSWER**

        -against-

3 RIVERS EXPEDITED INC and ROBERT ANTHONY
SMALLWOOD,

                                        Defendants.

------------------------------------------------------------------X

        Defendants 3 RIVERS EXPEDITED INC and ROBERT ANTHONY SMALLWOOD, by

their attorneys TRAUB LIEBERMAN STRAUS & SHREWSBERY LLP, for their Verified

Answer to the Verified Complaint, state as follows:

                **FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**

        1.      Defendants deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "1" of the Verified Complaint.

        2.      Defendants deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "2" of the Verified Complaint.

        3.      Defendants deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "3" of the Verified Complaint.

        4.      Defendants deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "4" of the Verified Complaint.

        5.      Defendants deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "5" of the Verified Complaint.

        6.      Defendants deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "6" of the Verified Complaint.

Case 1:21-cv-05843-RA   Document 1-1   Filed 07/07/21   Page 15 of 35

7.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Verified Complaint.

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Verified Complaint.

9.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Verified Complaint.

10.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Verified Complaint.

11.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Verified Complaint.

12.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Verified Complaint.

13.     Defendants admit the allegations set forth in paragraph "13" of the Verified Complaint.

14.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Verified Complaint.

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Verified Complaint.

16.     Defendants deny the allegations set forth in paragraph "16" of the Verified Complaint, except admit that on September 16, 2020 Defendant 3 RIVERS EXPEDITED INC was the owner of a motor vehicle bearing license plate K789433.

2

17.      Defendants deny the allegations set forth in paragraph "17" of the Verified Complaint, except admit that on September 16, 2020 Defendant 3 RIVERS EXPEDITED INC was the owner of a motor vehicle bearing license plate K789433.

18.      Defendants deny the allegations set forth in paragraph "18" of the Verified Complaint, except admit that on September 16, 2020 Defendant 3 RIVERS EXPEDITED INC was the owner of a motor vehicle bearing license plate K789433.

19.      Defendants deny the allegations set forth in paragraph "19" of the Verified Complaint, except admit that on September 16, 2020 Defendant 3 RIVERS EXPEDITED INC was the owner of a motor vehicle bearing license plate K789433.

20.      Defendants deny the allegations set forth in paragraphs "20" of the Verified Complaint, except admits that on September 16, 2020 Defendant 3 RIVERS EXPEDITED INC was the owner of a motor vehicle bearing license plate K789433.

21.      Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs "21" of the Verified Complaint, except admits that on September 16, 2020 Defendant 3 RIVERS EXPEDITED INC was the owner of a motor vehicle bearing license plate K789433.

22.      Defendants admit the allegations set forth in paragraph "22" of the Verified Complaint.

23.      Defendants admit the allegations set forth in paragraph "23" of the Verified Complaint.

24.      Defendants deny the allegations set forth in paragraph "24" of the Verified Complaint, except admit that on September 16, 2020, Defendant ROBERT ANTHONY SMALLWOOD was operating a vehicle which was involved in an accident with another vehicle.

3

25.     Defendants deny the allegations set forth in paragraph "25" of the Verified Complaint.

26.     Defendants deny the allegations set forth in paragraph "26" of the Verified Complaint.

27.     Defendants deny the allegations set forth in paragraph "27" of the Verified Complaint.

28.     Defendants deny the allegations set forth in paragraph "28" of the Verified Complaint and refer all questions of law to the Court.

29.     Defendants deny the allegations set forth in paragraph "29" of the Verified Complaint and refer all questions of law to the Court.

30.     Defendants deny the allegations set forth in paragraph "30" of the Verified Complaint and refer all questions of law to the Court.

### FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

31.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Verified Complaint.

32.     In response to paragraph "32" of the Verified Complaint, Defendants repeat, reiterate and reallege each and every response set forth to paragraphs "1" through "31" above as if fully set forth herein at length.

33.     Defendants deny the allegations set forth in paragraph "33" of the verified Complaint, except admit that on September 16, 2020 Defendant ROBERT ANTHONY SMALLWOOD was involved in a motor vehicle accident.

34.     Defendants deny the allegations set forth in paragraph "34" of the Verified Complaint.

4

35.     Defendants deny the allegations set forth in paragraph "35" of the Verified Complaint.

36.     Defendants deny the allegations set forth in paragraph "36" of the Verified Complaint.

37.     Defendants deny the allegations set forth in paragraph "37" of the Verified Complaint and refer all questions of law to the Court.

38.     Defendants deny the allegations set forth in paragraph 38" of the Verified Complaint and refer all questions of law to the Court.

39.     Defendants deny the allegations set forth in paragraph "39" of the Verified Complaint and refer all questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

40.     Any injuries and/or damages sustained by Plaintiffs, as alleged in the Verified Complaint, which Defendants deny, were caused, in whole or in part, by the contributory negligence and/or culpable conduct of Plaintiffs and not as a result of any negligence and/or culpable conduct on the part of Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

41.     In the event Plaintiffs recover a verdict or judgment against Defendants, then said verdict or judgment must be reduced pursuant to CPLR §4545(c) by those amounts which have been or will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

Case 1:21-cv-05843-RA   Document 1-1   Filed 07/07/21   Page 19 of 35

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

42.     Plaintiffs failed to exercise ordinary care to effect a cure and to prevent aggravation of the alleged injury and damage.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

43.     The Verified Complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

44.     The accident described and pleaded in the Verified Complaint did not result in a serious injury to Plaintiffs as so defined in and by Section §5102(d) of the Insurance Law of the State of New York.  By reason of the premise aforesaid, and as expressly provided in CPLR §3016(g) of the State of New York, Plaintiffs had and have no right to institute, maintain or prosecute this action and is barred from so doing.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

45.     Plaintiffs' causes of action are barred by Article 51, Section §5104 of the Insurance Law of the State of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

46.     Plaintiffs have failed to name all necessary parties, essential, and/or indispensable to the within action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

47.     Plaintiffs failed to make adequate and timely use of the lap/shoulder belt safety device supplied in the automobile, or an infant restraining device and, by such failure, Plaintiffs did contribute, in whole or in part, to the injuries sustained as alleged in the Verified Complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

48.     The liability of the Defendants, if any, to Plaintiffs for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiffs could have obtained personal jurisdiction with due diligence.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

49.     If Defendants are found to be liable for 50% or less of the total liability assigned to all persons liable, then the liability of Defendants to Plaintiffs for non-economic loss shall not exceed Defendants' equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

50.     Whatever injuries and/or damages were sustained by Plaintiffs at the time and place alleged in the Verified Complaint were in whole or in part the result of Plaintiffs' assumption of the risk in realizing and knowing the hazards and dangers thereof, and Plaintiffs assumed all of the risks necessarily incidental to such undertaking.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

51.     Plaintiffs' alleged injuries and damages were solely and proximately caused by the intervening negligence, carelessness, gross negligence, willfulness, wantonness, recklessness and/or intentional conduct of an independent third party.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

52.     Plaintiff's injuries, if any, were proximately caused by an unforeseeable, unanticipated, independent, intervening and/or superseding event beyond the control, and unrelated to any conduct of Defendants.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

53.     If Plaintiffs sustained any injury or incurred any loss or damages as alleged in the Verified Complaint, the same were caused in whole or in part by actions or omissions of another or others over whom Defendants are not responsible, and whose conduct Defendants had no duty or reason to anticipate or control.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

54.     In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may hereafter be given a release or covenant not to sue, the Defendants will be entitled to protection under New York General Obligations Law §15-108 and the corresponding reduction of any damages.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

55.     This Court lacks personal jurisdiction over Defendants due to Plaintiffs' failure to properly serve Defendants with service of process.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

56.     Plaintiffs failed to mitigate their damages, including seeking timely medical attention, pursuant to Law, Statute and Agreement and, therefore, has sustained no damages.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

57.     Venue is improper as the action should have been filed in Federal Court.

**WHEREFORE**, Defendants 3 RIVERS EXPEDITED INC and ROBERT ANTHONY SMALLWOOD, demand judgment dismissing the Verified Complaint together with costs, disbursements, and attorneys' fees, and for such other and further relief as this Court deems just and proper.

Dated: Hawthorne, New York
       April 22, 2021

                                    **TRAUB LIEBERMAN STRAUS**
                                      **& SHREWSBERRY LLP**
                                    *Attorneys for Defendants*
                                    *3 Rivers Expedited Inc. and*
                                    *Robert Anthony Smallwood*

By:        *Lisa M. Rolle*

                                    Lisa M. Rolle
                                    Mid-Westchester Executive Park
                                    Seven Skyline Drive
                                    Hawthorne, New York 10532
                                    (914) 347-2600

To:

       **NIYAZOV LAW GROUP, P.C.**
       *Attorneys for Plaintiffs*
       *Baulio Rodriguez and Fernando Hernandez*
       159-16 Union Turnpike Suite 300
       Fresh Meadows, New York 11366

## ATTORNEY VERIFICATION

STATE OF NEW YORK        )

                                  ss.:

COUNTY OF WESTCHESTER     )

I am a Partner with the law firm of TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP, which has been retained to represent Defendants3 RIVERS EXPEDITED INC and ROBERT ANTHONY SMALLWOOD, in the action herein;

I have read the annexed Verified Answer to the Verified Complaint herein, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon my knowledge, is based upon information contained in our file.

I affirm that the foregoing statements are true under penalties of perjury.

This Verification is made by me and not by the Defendants because Defendants are located outside the county in which my office is located.

Dated: Hawthorne, New York
        April 22, 2021

                                 **TRAUB LIEBERMAN STRAUS**
                                   **& SHREWSBERRY LLP**
                                   *Attorneys for Defendants*
                                   *3 Rivers Expedited Inc. and*
                                   *Robert Anthony Smallwood*

By:      *Lisa M. Rolle*

                       Lisa M. Rolle
                       Mid-Westchester Executive Park
                       Seven Skyline Drive
                       Hawthorne, New York 10532
                       (914) 347-2600

10

Index No.   151689/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------------------X
BRAULIO E. RODRIGUEZ and FERNANDO HERNANDEZ,

                                              Plaintiff,

                          -against-

3 RIVERS EXPEDITED INC. and ROBERT ANTHONY
SMALLWOOD,

                                              Defendants.

--------------------------------------------------------------------------------X


## VERIFIED ANSWER

### TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
Tel. No. (914) 347-2600
*Attorneys for Defendant*
*3 Rivers Expedited Inc. and Robert Anthony Smallwood*

Case 1:21-cv-05843-RA   Document 1-1   Filed 07/07/21   Page 25 of 35

STATE OF NEW YORK SUPREME COURT
COUNTY OF NEW YORK

------------------------------------------------------------------X

BRAULIO E. RODRIGUEZ and FERNANDO                  Index No. 151689/2021
HERNANDEZ,

                                 Plaintiffs,          **AMENDED VERIFIED
ANSWER**

      -against-

3 RIVERS EXPEDITED INC and ROBERT ANTHONY
SMALLWOOD,

                                 Defendants.

------------------------------------------------------------------X

        Defendants 3 RIVERS EXPEDITED INC and ROBERT ANTHONY SMALLWOOD, by

their attorneys TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP, for their Amended

Verified Answer to the Verified Complaint, state as follows:

### **FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**

        1.      Defendants deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "1" of the Verified Complaint.

        2.      Defendants deny know or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "2" of the Verified Complaint, except admit that 3 Rivers

Expedited Inc was and still is duly organized and existing under the laws of the State of Arkansas.

        3.      Defendants deny the allegations set forth in paragraph "3" of the Verified

Complaint.

        4.      Defendants deny knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "4" of the Verified Complaint.

        5.      Defendants deny the allegations set forth in paragraph "5" of the Verified

Complain.

6.      Defendants deny the allegations set forth in paragraph "6" of the Verified Complain.

7.      Defendants deny the allegations set forth in paragraph "7" of the Verified Complain.

8.      Defendants deny the allegations set forth in paragraph "8" of the Verified Complain.

9.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Verified Complaint.

10.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Verified Complaint.

11.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Verified Complaint.

12.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Verified Complaint.

13.     Defendants admit the allegations set forth in paragraph "13" of the Verified Complaint.

14.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Verified Complaint.

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Verified Complaint.

16.     Defendants deny the allegations set forth in paragraph "16" of the Verified Complaint, except admit that on September 16, 2020 Defendant 3 RIVERS EXPEDITED INC was the owner of a motor vehicle bearing license plate K789433.

2

17. Defendants deny the allegations set forth in paragraph "17" of the Verified Complaint, except admit that on September 16, 2020 Defendant 3 RIVERS EXPEDITED INC was the owner of a motor vehicle bearing license plate K789433.

18. Defendants deny the allegations set forth in paragraph "18" of the Verified Complaint, except admit that on September 16, 2020 Defendant 3 RIVERS EXPEDITED INC was the owner of a motor vehicle bearing license plate K789433.

19. Defendants deny the allegations set forth in paragraph "19" of the Verified Complaint, except admit that on September 16, 2020 Defendant 3 RIVERS EXPEDITED INC was the owner of a motor vehicle bearing license plate K789433.

20. Defendants deny the allegations set forth in paragraphs "20" of the Verified Complaint, except admit that on September 16, 2020 Defendant 3 RIVERS EXPEDITED INC was the owner of a motor vehicle bearing license plate K789433.

21. Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs "21" of the Verified Complaint, except admit that on September 16, 2020 Defendant 3 RIVERS EXPEDITED INC was the owner of a motor vehicle bearing license plate K789433.

22. Defendants admit the allegations set forth in paragraph "22" of the Verified Complaint.

23. Defendants admit the allegations set forth in paragraph "23" of the Verified Complaint.

24. Defendants deny the allegations set forth in paragraph "24" of the Verified Complaint, except admit that on September 16, 2020, Defendant ROBERT ANTHONY SMALLWOOD was operating a vehicle that came into contact with another vehicle.

3

Case 1:21-cv-05843-RA   Document 1-1   Filed 07/07/21   Page 28 of 35

25.      Defendants deny the allegations set forth in paragraph "25" of the Verified Complaint.

26.      Defendants deny the allegations set forth in paragraph "26" of the Verified Complaint.

27.      Defendants deny the allegations set forth in paragraph "27" of the Verified Complaint.

28.      Defendants deny the allegations set forth in paragraph "28" of the Verified Complaint and refer all questions of law to the Court.

29.      Defendants deny the allegations set forth in paragraph "29" of the Verified Complaint and refer all questions of law to the Court.

30.      Defendants deny the allegations set forth in paragraph "30" of the Verified Complaint and refer all questions of law to the Court.

## **FOR AN ANSWER TO THE SECOND CAUSE OF ACTION**

31.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Verified Complaint.

32.      In response to paragraph "32" of the Verified Complaint, Defendants repeat, reiterate and reallege each and every response set forth to paragraphs "1" through "31" above as if fully set forth herein at length.

33.      Defendants deny the allegations set forth in paragraph "33" of the verified Complaint, except admit that on September 16, 2020 Defendant ROBERT ANTHONY SMALLWOOD was the operator of a motor vehicle that came into contact with another vehicle.

34.      Defendants deny the allegations set forth in paragraph "34" of the Verified Complaint.

4

35.     Defendants deny the allegations set forth in paragraph "35" of the Verified Complaint.

36.     Defendants deny the allegations set forth in paragraph "36" of the Verified Complaint.

37.     Defendants deny the allegations set forth in paragraph "37" of the Verified Complaint and refer all questions of law to the Court.

38.     Defendants deny the allegations set forth in paragraph 38" of the Verified Complaint and refer all questions of law to the Court.

39.     Defendants deny the allegations set forth in paragraph "39" of the Verified Complaint and refer all questions of law to the Court.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

40.     Any injuries and/or damages sustained by Plaintiff, as alleged in the Verified Complaint, which Defendants deny, were caused, in whole or in part, by the contributory negligence and/or culpable conduct of Plaintiff and not as a result of any negligence and/or culpable conduct on the part of Defendants.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

41.     In the event Plaintiff recovers a verdict or judgment against Defendants, then such verdict or judgment must be reduced pursuant to CPLR §4545(c) by those amounts which have been or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

5

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

42.     Plaintiff failed to exercise ordinary care to effect a cure and to prevent aggravation of the alleged injury and damage.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

43.     The Verified Complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

44.     The accident described and pleaded in the Verified Complaint did not result in a serious injury to Plaintiff as so defined in and by Section §5102(d) of the Insurance Law of the State of New York.  By reason of the premise aforesaid, and as expressly provided in CPLR §3016(g) of the State of New York, Plaintiff had and have no right to institute, maintain or prosecute this action and is barred from so doing.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

45.     Plaintiff's causes of action are barred by Article 51, Section §5104 of the Insurance Law of the State of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

46.     Plaintiff has failed to name all necessary parties, essential, and/or indispensable to the within action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

47.     Plaintiff failed to make adequate and timely use of the lap/shoulder belt safety device supplied in the automobile, or an infant restraining device and, by such failure, Plaintiff did contribute, in whole or in part, to the injuries sustained as alleged in the Verified Complaint.

6

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

48.    The liability of the Defendants, if any, to Plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom Plaintiff could have obtained personal jurisdiction with due diligence.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

49.    If Defendants are found to be liable for 50% or less of the total liability assigned to all persons liable, then the liability of Defendants to Plaintiff for non-economic loss shall not exceed Defendants' equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

50.    Whatever injuries and/or damages were sustained by Plaintiff at the time and place alleged in the Verified Complaint were in whole or in part the result of Plaintiff's assumption of the risk in realizing and knowing the hazards and dangers thereof, and Plaintiff assumed all of the risks necessarily incidental to such undertaking.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

51.    Plaintiff's alleged injuries and damages were solely and proximately caused by the intervening negligence, carelessness, gross negligence, willfulness, wantonness, recklessness and/or intentional conduct of an independent third party.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

52.    Plaintiff's injuries, if any, were proximately caused by an unforeseeable, unanticipated, independent, intervening and/or superseding event beyond the control, and unrelated to any conduct of Defendants.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

53.     If Plaintiff sustained any injury or incurred any loss or damages as alleged in the Verified Complaint, the injuries were caused in whole or in part by actions or omissions of another or others over whom Defendants are not responsible, and whose conduct Defendants had no duty or reason to anticipate or control.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

54.     In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may hereafter be given a release or covenant not to sue, Defendants will be entitled to protection under New York General Obligations Law §15-108 and the corresponding reduction of any damages.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

55.     This Court lacks personal jurisdiction over Defendants due to Plaintiffs' failure to properly serve Defendants with service of process.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

56.     Plaintiffs failed to mitigate their damages, including seeking timely medical attention, pursuant to Law, Statute and Agreement and, therefore, has sustained no damages.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

57.     Venue is improper as the action should have been filed in federal court.

**WHEREFORE**, Defendants 3 RIVERS EXPEDITED INC and ROBERT ANTHONY SMALLWOOD, demand judgment dismissing the Verified Complaint together with costs, disbursements, and attorneys' fees, and for such other and further relief as this Court deems just and proper.

Case 1:21-cv-05843-RA   Document 1-1   Filed 07/07/21   Page 33 of 35

Dated: Hawthorne, New York
May 11, 2021

**TRAUB LIEBERMAN STRAUS
 & SHREWSBERRY LLP**
*Attorneys for Defendants*
*3 Rivers Expedited Inc. and*
*Robert Anthony Smallwood*

By: *Lisa M. Rolle*

Lisa M. Rolle
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
(914) 347-2600

To:

**NIYAZOV LAW GROUP, P.C.**
*Attorneys for Plaintiffs*
*Baulio Rodriguez and Fernando Hernandez*
159-16 Union Turnpike Suite 300
Fresh Meadows, New York 11366

9

## ATTORNEY VERIFICATION

STATE OF NEW YORK          )

                                  ss.:

COUNTY OF WESTCHESTER      )


I am a Partner with the law firm of TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP, which has been retained to represent Defendants 3 RIVERS EXPEDITED INC and ROBERT ANTHONY SMALLWOOD, in the action herein;

I have read the annexed Amended Verified Answer to the Verified Complaint herein, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon my knowledge, is based upon information contained in our file.

I affirm that the foregoing statements are true under penalties of perjury.

This Verification is made by me and not by the Defendants because Defendants are located outside the county in which my office is located.


Dated: Hawthorne, New York
        May 11, 2021


                           **TRAUB LIEBERMAN STRAUS**
                            **& SHREWSBERRY LLP**
                            *Attorneys for Defendants*
                            *3 Rivers Expedited Inc. and*
                            *Robert Anthony Smallwood*


By:     *Lisa M. Rolle*
                            Lisa M. Rolle
                            Mid-Westchester Executive Park
                            Seven Skyline Drive
                            Hawthorne, New York 10532
                            (914) 347-2600


10

Case 1:21-cv-05843-RA   Document 1-1   Filed 07/07/21   Page 35 of 35

Index No.   151689/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------------X
BRAULIO E. RODRIGUEZ and FERNANDO HERNANDEZ,

                                        Plaintiff,

                    -against-

3 RIVERS EXPEDITED INC. and ROBERT ANTHONY
SMALLWOOD,

                                        Defendants.

-------------------------------------------------------------------------------X


## AMENDED VERIFIED ANSWER

### TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
Tel. No. (914) 347-2600
*Attorneys for Defendant*
*3 Rivers Expedited Inc. and Robert Anthony Smallwood*